UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FELICIA R. YARBOROUGH,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>    Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:17-cv-02823-JCM-NJK<br><br>**REPORT AND RECOMMENDATION** |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for supplemental security income pursuant to Title XVI of the Social Security Act. The Court has considered Plaintiff's motion for reversal and/or remand, the Commissioner's countermotion to affirm, and the Commissioner's response to Plaintiff's motion. Docket Nos. 22, 25, 26. No reply was filed. *See* Docket No. 27. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.   STANDARDS**

   A.   <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in

controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which

2

the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.   Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to

work. 20 C.F.R. § 416.921; Social Security Rulings ("SSRs") 85-28 and 16-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made. 20 C.F.R. § 416.920(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929; SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 416.920(f). PRW

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.    BACKGROUND

### A.    Procedural History

On July 22, 2013, Plaintiff protectively filed an application for supplemental security income, alleging a disability onset date of January 1, 2009. Administrative Record ("A.R.") 191-207. Plaintiff's claims were denied initially on April 9, 2014, and upon reconsideration on August 5, 2014. A.R. 124-127, 131-141. On October 1, 2014, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A.R. 142-144. On April 6, 2016, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Jo Hoenninger. A.R. 45-76. On May 13, 2016, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability from July 22, 2013, through the date of the decision. A.R. 24-39. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on September 6, 2017. A.R. 1-9. On November 8, 2017, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

B.  The ALJ's Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, and issued an unfavorable decision on May 13, 2016. A.R. 24-39. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 22, 2013. A.R. 26. At step two, the ALJ found that Plaintiff has the following medically determinable impairments: inflammatory arthritis, hepatitis C, depression, and anxiety. A.R. 26. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 28. The ALJ found that Plaintiff has the RFC to

> perform light work as defined in 20 CFR 416.967(b) except: [Plaintiff] can stand and walk for up to two hours total in an eight-hour workday; can occasionally climb ramps and stairs; should never climb ladders, ropes, and scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; and should avoid concentrated exposure to extreme cold, extreme heat and hazards. [Plaintiff] can understand and remember simple instructions. She has sufficient concentration, persistence, and pace to complete simple, routine tasks for a normal workday and workweek. Moreover, [Plaintiff] should have no interaction with the general public and only occasional brief, superficial interactions with coworkers. Finally, [Plaintiff] should have no over the shoulder supervision and should be in a workplace where there are few changes to the work setting.

A.R. 30. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. A.R. 37. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and RFC. A.R. 38. In doing so, the ALJ defined Plaintiff, age 47, as a younger individual age 18-49 on the alleged disability onset date, with limited education and able to communicate in English. A.R. 37-38. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same RFC and vocational factors can perform work as an electronics worker, an assembler, and a hand packager. A.R. 38. The ALJ, therefore, found that Plaintiff is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." A.R. 39.

Based on all these findings, the ALJ found Plaintiff not disabled and denied the application for supplemental security income. *Id*.

## III. ANALYSIS AND FINDINGS

On appeal, Plaintiff raises two arguments. Docket No. 22. First, Plaintiff contends that the ALJ erred in failing to include her lift/carry limitation in her RFC. *Id.* at 6-9. Second, Plaintiff contends that the ALJ's finding that she is limited to standing/walking up to two hours in an eight-hour workday compels a finding that she is limited to sedentary, not light, work. *Id.* at 9-14.

### A. Lift/Carry Limitation

Plaintiff contends that the ALJ did not include any lift/carry limitation in her RFC, notwithstanding the fact that the ALJ credited Dr. Alton Walters' opinion that Plaintiff can lift/carry less than ten pounds, occasionally and frequently. Docket No. 22 at 7. Plaintiff also contends that Dr. Walters' opinion "is consistent with no more than *sedentary* work, as opposed to light work as set forth in the RFC." *Id.* at 8 (emphasis in original).

In response, the Commissioner submits that the ALJ properly found that Plaintiff's RFC is consistent with light work because it is supported by her unremarkable examination findings and her self-reported activities. Docket No. 25 at 2. The Commissioner also submits that the ALJ's RFC determination is supported by the opinions of Drs. Donald Ramsthel, William Kim, and Leslie Arnold. *Id.* at 4-5, n.4-5. Finally, the Commissioner submits that the ALJ did not credit Dr. Walters' opinion regarding Plaintiff's lift/carry limitation but, instead, gave it little weight and noted that there was "some (but not complete)" support for his opinion. *Id.* at 5.

The definitions of sedentary and light work differ as to capabilities in lifting and carrying objects. 20 C.F.R. § 416.967; *see also* SSR 83-14 ("Another important difference [between sedentary and light work] is … the frequent lifting or carrying of objects weighing up to 10 pounds…"); *Phipps v. Comm'r of Soc. Sec.*, 2018 U.S. Dist. LEXIS 60803, at *18 (E.D. Wash. Jan. 19, 2018) ("The second major difference between the two categories of [sedentary and light] work is the amount and duration a claimant can lift or carry in an 8-hour work day…"). "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 416.967. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *Id.*

7

In determining a plaintiff's RFC, the ALJ need not consider opinions or evidence which the ALJ has properly rejected. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *see also Batson v. Comm'r of the SSA*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ must, however, consider all limitations which have been properly credited and are supported by substantial evidence in the record. *See Bayliss*, 427 F.3d at 1217; *see also Bahes v. Comm'r SSA*, 2017 U.S. Dist. LEXIS 51707, at *25-27 (D. Or. 2017).

In the instant case, the ALJ fails to include Plaintiff's lift/carry limitation in her RFC. A.R. 30. The Commissioner submits that "[b]y limiting Plaintiff to light work, the ALJ restricted Plaintiff to lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." Docket No. 25 at 4. The Commissioner also submits that the opinions of Drs. Ramsthel, Kim, and Arnold support a finding that Plaintiff's lift/carry limitation is consistent with the definition of light work. *Id.* at 4-5. However, as the Commissioner herself notes, the ALJ explicitly gave little weight to these physicians' opinions as to Plaintiff's lift/carry limitation. *Id.* at 4, n.4-5; *see also* A.R 35-36. The ALJ gave little weight to Dr. Arnold's opinion that Plaintiff "could lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently" because it is "*inconsistent with the record*, which shows that based upon the combination of [Plaintiff's] back pain, rheumatoid arthritis in her hands and knees, *[Plaintiff] has a greater limitation with lifting and carrying than that opined by Dr. Arnold*." A.R. 36 (emphasis added). Moreover, Dr. Arnold's opinion limits Plaintiff to the same lift/carry metrics as defined for light work in 20 C.F.R. § 416.967(b). *Compare id.* ("I give little weight to Dr. Arnold's opinion that [Plaintiff] could lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently") *with* 20 C.F.R. § 416.967(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds"). The ALJ made the same finding as to Dr. Kim's opinion that Plaintiff could lift 20 pounds frequently and Dr. Ramsthel's opinion that Plaintiff could carry 20-30 pounds infrequently and 15-20 pounds frequently. A.R. 35-36.

The Court therefore finds that the Commissioner's argument that the ALJ properly limited Plaintiff to lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up 10 pounds, contradicts the ALJ's own findings. *See e.g.*, *Bray*, 554 F.3d at 1225

("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ - not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking") (internal citation omitted); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (reviewing "only the reasons provided by the ALJ in the disability determination" and finding that the Court "may not affirm the ALJ on a ground upon which he did not rely") (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (finding that the district court erred in affirming the ALJ's credibility decision "based on evidence that the ALJ did not discuss")).

Moreover, the ALJ's language is unclear as to whether she credited or rejected Dr. Walters' opinion regarding Plaintiff's lift/carry limitation. A.R. 36. The ALJ gives little weight to Dr. Walters' opinion, but simultaneously finds that "there is some (but not complete) support in the medical evidence of record for Dr. Walters' opinion … that [Plaintiff] could lift and/or carry less than 10 pounds, [which] is consistent with [Plaintiff's] combination of back pain and swelling in her hands and knees." *Id.* This language, in conjunction with the ALJ's repeated findings that Plaintiff has a greater limitation on lifting and carrying than those opined by Drs. Ramsthel, Kim, and Arnold, convinces the Court that remand on the issue is proper. *See cf. Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence … triggers the ALJ's duty to conduct an appropriate inquiry"); *see also Hoban v. Colvin*, 2016 U.S. Dist. LEXIS 98626, at *40 (D. Or. July 27, 2016) (finding that an ALJ's confusing opinion "raises the possibility of reversible error"); *Juarez v. Colvin*, 2015 U.S. Dist. LEXIS 85799, at *15 (D. Nev. Apr. 24, 2015) ("Because the ALJ's [RFC] findings are ambiguous, this court recommends that the ALJ's determination be remanded for clarification on the issue of whether Plaintiff has mild mental limitations that must be part of the hypothetical posed to the Vocational Expert"); *Costa v. Astrue*, 743 F. Supp. 2d 1196, 1216-217 (9th Cir. 2010) (noting lack of clarity in the ALJ's decision and remanding case for clarification).[2]

---

[2] In *Gardea v. Comm'r of SSA*, the Court found that the plaintiff's RFC, as written by the ALJ, was confusing and did "not clearly state the limitations included in [the physician's] assessments." 2017 U.S. Dist. LEXIS 158864, at *19-21 (D. Ariz. Sept. 26, 2017). Nonetheless, the Court found that any error was harmless because the vocational expert identified jobs in the light work category, "observed in the sedentary position," which sufficiently accounted for the

B.  Stand/Walk Limitation

Plaintiff contends that the ALJ erred in finding her capable of performing light work with the limitation that she can only stand/walk for up to two hours in an eight-hour workday because that is inconsistent with the definition of light work and requires a finding for sedentary work.[3] Docket No. 22 at 10. Plaintiff also contends that, prior to relying on the vocational expert's testimony, the ALJ should have "first determined whether there has been a 'significant reduction' in [Plaintiff's] ability to perform light work" as a result of her ability to stand/walk for up to two hours a day in an eight-hour workday. *Id.* at 10-11, 13-15 (citing SSR 83-12).

In response, the Commissioner submits that, because "the RFC was between the range of light and sedentary work, the ALJ appropriately consulted a vocational expert to determine if Plaintiff could perform a significant number of jobs." Docket No. 25 at 5. The Commissioner further submits that the vocational expert "explained that Plaintiff could perform the identified

---

lower lift/carry limitation the plaintiff's physician had found. *Id.* In the instant case, however, the vocational expert did not take into account a similar exception or caveat in testifying to potential jobs in the light category. A.R. 69-75; *see also Phipps*, 2018 U.S. Dist. LEXIS 60803, at *31 ("The accuracy of the vocational expert testimony is *essential* to the sequential evaluation when a claimant's RFC falls between light and sedentary work") (emphasis in original).

[3] Plaintiff contends that a finding of sedentary work is outcome derivative in the instant case because "Plaintiff's vocational factors of limited education and unskilled past work combined with an RFC for <u>sedentary</u> work direct a finding that she is 'disabled' as of her 50th birthday...." Docket No. 22 at 6 (emphasis in original). Table 1 in 20 C.F.R. § 404, Subpt. P, App. 2, directs that an individual who is closely approaching advanced age, with limited education, and unskilled previous work experience, be found disabled. As of the date of the instant order, Plaintiff is 52 years old, defined as an individual closely approaching advanced age. A.R. 37; *see also* 20 C.F.R. § 404, Subpt. P, App. 2. Plaintiff, however, was 47 years old at the time of the ALJ's hearing and, therefore, defined as a younger individual. *Id*. A change in age may result in changed circumstances that "often will be outcome-determinative under the bright-line distinctions drawn by the Medical-Vocational grids...." *See Chavez v. Brown*, 844 F.2d 691, 693 (9th Cir. 1988). Although a prior determination of non-disability creates a presumption of continued non-disability, such changed circumstances rebut the presumption. *See Lerch v. Colvin*, 2016 U.S. Dist. LEXIS 138890, at *3-4 (D. Or. Sept. 29, 2016); *see also Woods v. Colvin*, 2014 U.S. Dist. LEXIS 103876, at *15-16 (D. Nev. June 13, 2014). If the change is significant enough to affect the applicable age category in the Medical-Vocational guidelines, a plaintiff may be found disabled. *See Modena v. Colvin*, 2016 U.S. Dist. LEXIS 1345, at *34-35 (E.D. Cal. Jan. 6, 2016). Depending on the timing of the change in age, the ALJ or the Court may make any necessary adjustments for a finding of disability. *See Elliot v. Colvin*, 2016 U.S. Dist. LEXIS 40635, at *10 (E.D. Cal. Mar. 28, 2016); *see also Sanchez v. Colvin*, 2018 U.S. Dist. LEXIS 19543, at *7, n.3 (S.D. Cal. Feb. 6, 2018). The Court, however, does not adjust the finding in the instant order and, instead, leaves this issue to the ALJ on remand.

10

light jobs with a standing and walking limitation for two hours per day based upon his 30 years of experience working with multiple employers … and people with disabilities." *Id.* at 6.

The definitions of sedentary and light work differ as to capabilities in standing and walking. 20 C.F.R. § 416.967; *see also* SSRs 83-10, 83-14 ("The [primary] difference between sedentary and light work is that most light jobs - particularly those at the unskilled level of complexity - require a person to be standing or walking most of the workday"); *Merritt v. Colvin*, 2015 U.S. Dist. LEXIS 86771, at *20-21 (W.D. Wash. July 2, 2015). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties" but "should generally total no more than two hours in an eight-hour workday." 20 C.F.R. § 416.967; *see also* SSR 83-10. "A job is in [the light work] category when it requires a good deal of walking or standing[,]" approximately six hours in an eight-hour workday. 20 C.F.R. § 416.967; *see also* SSR 83-10.

Courts within the Ninth Circuit disagree as to whether a plaintiff's ability to stand or walk for up to two hours in an eight-hour workday significant reduces the base of light work, such that the RFC requires a finding of sedentary work. *Compare Phipps*, 2018 U.S. Dist. LEXIS 60803, at *17-18, n.5; *McClure v. Comm'r of Soc. Sec.*, 2016 U.S. Dist. LEXIS 120181, at *20-21 (S.D. Cal. Aug. 9, 2016) (finding that the ALJ's RFC determination which included a limitation of standing or walking for no more than two hours in an eight-hour day was "inconsistent with the definition of light work … [and] closer to sedentary work [and] do[es] not fall 'somewhere in the middle'."); *Merritt*, 2015 U.S. Dist. LEXIS 86771, at *14-17 (finding that "the limitation to standing/walking for two hours … better coincides with the sedentary exertional work level") *with Brenneman v. Berryhill*, 2017 U.S. Dist. LEXIS 81372, at *13-15 (W.D. Wash. May 26, 2017) ("[T]he regulations do not provide that a two-hour limitation on standing and walking requires a sedentary classification"); *Lopez v. Colvin*, 2016 U.S. Dist. LEXIS 13099, at *8-9 (C.D. Cal. Feb. 3, 2016) ("[SSR 83-12's] language is not a mandate, but a reminder to the ALJ to consider whether a limitation is so significant that the person should be classified at a lower level of exertion"). However, as the Court is recommending remand to the ALJ for further proceedings, and the ALJ's

11

decision as to Plaintiff's lift/carry limitation may affect her RFC, the Court need not decide this issue.

### IV.   CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's motion for reversal and/or remand (Docket No. 22) be **GRANTED**, that the Commissioner's countermotion to affirm (Docket No. 25) be **DENIED**, and that this case be **REMANDED** for further proceedings.

Dated: August 30, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).